# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Rational Spirits, LLC, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:16-cv-3406-PMD |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Rattleback, LLC, Wynn Sanders, ) | |
| and Theron Regnier Wannberg ) | |
| *a/k/a Theron Regnier*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Plaintiff Rational Spirits, LLC's motion to extend the deadline for production of its rebuttal expert report, or in the alternative, to strike Defendants Rattleback, LLC, Wynn Sanders, and Theron Wannberg's expert designation, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and Federal Rule of Evidence 702 (ECF No. 51). For the following reasons, the Court grants Plaintiff's request for a ten-day extension to file its rebuttal expert report and, subject to the restrictions set forth below, denies Plaintiff's request to strike the designation of Defendants' expert.

## **PROCEDURAL HISTORY**

Plaintiff filed suit against Defendants in October 2016. It alleged claims against all three defendants for breach of contract, misrepresentation, and constructive fraud. Rational Spirits also asserted a civil conspiracy claim against Sanders and Wannberg. Defendants filed a motion to dismiss in November 2016, and a supplemental motion to dismiss in January 2017. The Court ruled on those motions on March 23. On May 3, the Court entered a scheduling order which set August 16 as Defendants' deadline for designating any expert witnesses. On June 21, the Court entered an amended scheduling order that extended that deadline to August 30. On August 30,

Defendants designated Professor Martin C. McWilliams, Jr. as an expert and filed Professor McWilliams' report pursuant to Rule 26(a)(2)(B). On September 27, Plaintiff designated a rebuttal expert. Two days later, Plaintiff first moved to extend the deadline for submission of that expert's report under Federal Rule of Civil Procedure 26(a)(2)(D)(ii), or in the alternative, to strike the designation of Defendants' expert. The Court initially denied Plaintiff's motion without prejudice for failure to comply with the Court's modification of Local Rule 7.02 for this case. After complying with Rule 7.02, Plaintiff refiled the motion on October 19. Defendants responded on November 1. Accordingly, Plaintiff's motion is now ripe for consideration.

## **DISCUSSION**

Though Plaintiff's first concern is the extension of the deadline to file its rebuttal expert's report, the Court finds that this motion is best handled by looking to Plaintiff's alternative request first. Plaintiff asks the Court to strike Professor McWilliams designation as Defendants' expert because his report fails to explain the basis and reasons for his conclusions, as required by Rule 26(a)(2)(B)(i), and because it fails to identify the facts or data he relied on to reach those conclusions, as required by Rule 26(a)(2)(B)(ii). Looking to his report, Professor McWilliams, a law professor, states that he bases his opinions on his legal education, service as a law clerk to the Fifth Circuit, decades of practice in corporate and securities law, and experience as a law professor at the University of South Carolina. His report cites this Court's March 23 Order, two cases cited in that Order, and other cases to provide the rationale for his opinions. The report states its conclusions "in light of the facts in [the] record," "from the record as it stands," and with reference to Plaintiff's complaint. (Defs.' Designation Expert Witness, Ex. 2, Martin C. McWilliams, Jr. Expert Witness Report, ECF No. 45-2, at 3–4.) Though the report sometimes speculates as to what the record *will* show, it generally makes clear that it is based on legal

expertise and relies on the facts currently in the record. Therefore, the Court finds that the report makes clear that Professor McWilliams based his conclusions on legal analysis, and relied primarily on the facts currently in the record to reach those conclusions.[1] While this satisfies the requirements of Rule 26(a)(2)(B), it also suggests a different issue with the expert report.

Plaintiff also argues that the report fails to conform to Federal Rule of Evidence 702, which governs the admissibility of expert testimony. Rule 702 provides,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>> (b) the testimony is based on sufficient facts or data;
>> (c) the testimony is the product of reliable principles and methods; and
>> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The party offering the expert witness testimony bears the burden of demonstrating "its admissibility by a preponderance of proof." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001). The Supreme Court has held that Rule 702 tasks trial judges with the special obligation to serve as gatekeepers that must ensure expert testimony is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). In order for expert testimony to satisfy Rule 702(a), it must be helpful to the trier of fact. Fed. R. Evid. 702. Because legal opinions generally do not help a trier of fact to understand the evidence or determine a fact at issue, they are typically inadmissible. *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006); *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002); *United States v. Berkeley Heartlab, Inc.*, No.

---
1. The Court notes that discovery has continued since Professor McWilliams' report was filed and that Plaintiff continues to have opportunities to build the record and learn what additional facts and documents Professor McWilliams may have relied on.

9:14-cv-230-RMG, 2017 WL 2773794, at *2–3 (D.S.C. June 26, 2017) (excluding proffered expert testimony in part because it would apply law to facts and thus "invade[] the well-settled roles of the Court and the jury"). "The best way to determine whether opinion testimony contains legal conclusions is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular." *Barile*, 286 F.3d at 760 (quotations omitted). The Fourth Circuit has provided examples of terms that should alert a court to an impermissible legal conclusion, including "extortion," "deadly force," "fiduciary," and "unreasonably dangerous." *See McIver*, 470 F.3d at 562. While legal opinions are generally inadmissible, an expert may testify about facts that relate to a legal test, so long as the expert does not apply the law to those facts to reach a legal conclusion. *See HBC Ventures, LLC v. Holt MD Consulting, Inc.*, No. 5:06–CV–190–F, 2012 WL 4483625, at *8–9 (E.D.N.C. Sept. 27, 2012).

Turning to the report, the Court finds that it is, by its own terms, largely a report of legal opinion. The thesis of the report is "the individual defendants Sanders and Wann[]berg cannot appropriately be held personally liable in this matter." (Defs.' Designation Expert Witness, Ex. 2, Martin C. McWilliams, Jr. Expert Witness Report, ECF No. 45-2, at 3–4.) Defendants' liability is a legal conclusion that must be arrived at by applying the law to the facts. A paragraph of the report informs the Court about the Court's own March 23 Order, and the surrounding paragraphs apply two cases the Court cited in that order to the facts in the record. (*Id.* at 2–3.) The report opines that there is "no basis *in law*" to hold Sanders and Wannberg liable, though it concedes that the decision to pierce the corporate veil is "of course up to the Court." (*Id.* (emphasis added).) Further, Defendants' own brief complains that this motion is premature because Plaintiff has not yet deposed Professor McWilliams, which would give

4

Plaintiff an opportunity to "examine[] the factual (and *legal*) bases for his well-founded opinions." (Mem. Opp'n Pl.'s Mot. Extend Deadline Produc. Rebuttal Expert Report, ECF No. 52, at 7 (emphasis added).) Finally, applying the Fourth Circuit's test in *Barile* by looking for legal terms with a distinct, specialized meaning, the Court finds that Professor McWilliams' testimony makes conclusions about "piercing the corporate veil," a legal term of art that has nothing to do with pointy instruments or translucent fabric. In light of the report's substance, Defendants' description of the report as one based on legal opinion, and the report's use of legal terms, the Court holds that the report is largely inadmissible legal opinion under Rule 702.

However, the report does contain some conclusions to which Professor McWilliams could testify. For example, the report opines that "Rattleback was not grossly undercapitalized for the purposes of its business at the time of its formation." (Defs.' Designation Expert Witness, Ex. 2, Martin C. McWilliams, Jr. Expert Witness Report, ECF No. 45-2, at 3–4.) Such a statement is very similar to the testimony allowed in *HBC Ventures*, where the court declined to strike portions of an expert report on a business's level of capitalization and its commingling of corporate and personal assets. 2012 WL 4483625, at *8–9. The court held that the expert could testify about corporate norms and governance and the extent to which the defendants diverged from those norms. *Id.* However, the court held that the expert report's conclusions that a business was an alter ego of its owner and that the corporate veil should be pierced to hold the owner personally liable were inadmissible legal opinions. *Id.* Similarly, Professor McWilliams will not be allowed to testify that Rattleback's corporate veil should not be pierced. However, the Court finds that portions of the report express views about Rattleback's business practices to which Professor McWilliams may testify. Consequently, Plaintiff's motion to strike the designation of Defendants' expert is denied.

5

With respect to Plaintiff's request for an extension to file the report of its rebuttal expert, the Court notes that Defendants designated their expert on time. Still, Plaintiff's request for a ten-day extension is a modest one, and Defendants have not established any way in which they might be prejudiced. Since Plaintiff timely identified its rebuttal expert, and since the scope of the rebuttal expert's testimony is limited by Defendants' expert's report, Defendants should not be unfairly surprised by the rebuttal expert report. Plaintiff's request for a ten-day extension to file the report of its rebuttal expert is granted. The parties may request amendments to the Scheduling Order as necessary.

## CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 14, 2017**
**Charleston, South Carolina**