**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Rational Spirits, LLC, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:16-cv-3406-PMD |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Rattleback, LLC, Wynn Sanders, ) | |
| and Theron Regnier Wannberg ) | |
| *a/k/a Theron Regnier*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Defendant Rattleback, LLC's motion to reconsider the Court's June 19, 2018 Order (ECF Nos. 74 & 67). For the reasons set forth herein, Rattleback's motion is denied.

## **DISCUSSION**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after the time to amend a pleading as a matter of course has run, "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Fourth Circuit has reconciled these rules by providing that "after the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16(b)] must be satisfied to justify leave to amend the pleadings*.*" *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *see also CBX Techs., Inc. v. GCC Techs., LLC*, 533 F. App'x 182, 183 (4th Cir. 2013) (per curiam).

The Court's June 19 Order denied Rattleback's motion to amend to add counterclaims since its motion was filed more than eight months after the scheduling order deadline had passed and it failed to establish good cause. Pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure, Rattleback asks the Court to alter or amend its Order, or grant relief from the Order. Rattleback offers several justifications for this request.

Rattleback argues that it may receive relief under Rule 60(b)(1) since its delay in seeking to amend was the result of "excusable neglect." Rattleback notes that Rule 6(b)(1)(B) similarly states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect." Notably, Rule 6(b)(1)(B), like Rule 16(b), requires that a party establish good cause. However, Rattleback asserts that the "good cause" and "excusable neglect" standards are functionally identical. It then cites the Fifth Circuit's test for establishing good cause under Rule 16(b), as laid out in *Fahim v. Marriott Hotel Services*, Inc., 551 F.3d 344, 348 (5th Cir. 2008). Rattleback goes on to explain that it was involved in extensive motions practice, that it diligently sought complete discovery responses, and that it has not acted in bad faith. It argues that the Court's adherence to Rule 16(b), and to the deadlines set forth in the scheduling order, is unduly harsh relative to the allegedly minimal harm Plaintiff would suffer if the counterclaims were added. It also argues that it is at least possible that its counterclaims are compulsory, which further weighs in favor of allowing them.[1] *See Chelsea House N. Apartments, LLC v. Blonder*, 223 F.R.D. 388, 391–92 (D. Md. 2004).

Rattleback's arguments avoid the question that was before the Court in ruling on Rattleback's motion to amend. As the Court explained in the June 19 Order, the Fourth Circuit's

---

1. Rattleback argues that mere passage of time is insufficient grounds for denial of a compulsory counterclaim. While that may be so, the Court's denial was not based on the mere passage of time, but instead on Rattleback's failure to adhere to the scheduling order and failure to establish that a diligent defendant would not have brought these counterclaims earlier.

2

standard for good cause under Rule 16(b) "focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cty.*, 182 F. App'x 156, 162 (4th Cir. 2006) (citing *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc*., 262 F. Supp. 2d 618, 632 (D. Md. 2003)). The justification that Rattleback put forth for its tardy submission was that it only just discovered two letters which suggest Plaintiff misrepresented the source of the contamination at the heart of this suit. However, as the Court explained in its Order, one letter merely demonstrates that a wholesaler that shipped ingredients to Plaintiff denied that it was the source of the contamination, while the other letter did not address contamination at all. Rattleback does not address this shortcoming. In fact, it makes no mention of the letters it relied on as justification for bringing the motion to amend. While Rattleback is correct that it need not identify a specific document that caused it to realize it had grounds for a counterclaim, it still must provide some justification. *See Aloi v. Moroso Inv. Partners, LLC*, No. CIV. DKC 11-2591, 2013 WL 6909151, at *7 (D. Md. Dec. 31, 2013) (holding that good cause was established under Rule 16(b) since plaintiff acquired knowledge of the facts behind the new claim only through recent discovery). In the absence of any reason for a delay, a diligent defendant would have amended its claims sooner.

Both Rule 60(b)(1) and Rule 6(b)(1)(B) give the Court discretion in determining whether to give a party relief from an order or more time to take action. Rattleback's motion to reconsider essentially asks the Court to use that discretion to allow it to disregard the long-passed deadlines established by the scheduling order in this case. The Court declines to do so. Scheduling orders are not merely suggestions, and while a party may be granted an exception when it establishes good cause, Rattleback has failed to do so here.

## **CONCLUSION**

For the foregoing reasons, Rattleback's motion to reconsider is **DENIED**.

**AND IT IS SO ORDERED**.

                                                                           _____
                                                                           PATRICK MICHAEL DUFFY
                                                                           United States District Judge

**August 15, 2018**
**Charleston, South Carolina**